THORNTON EMMONS, SURVIVING HUSBAND, AND THORNTON EMMONS, ADMINISTRATOR OF THE ESTATE OF ISABEL ALLEY EMMONS, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 88212, 88213. Promulgated January 10, 1939.

*Allen I. Pretzman, Esq.*, for the petitioner.
*Joe D. Hughes, Esq.*, for the respondent.

### OPINION.

VAN FOSSAN: These proceedings were brought to redetermine deficiencies in income tax of the petitioner for the years 1933 and 1934 in the respective amounts of $131.13 and $1,130.34.

The facts were stipulated substantially as follows:

The petitioner, Thornton Emmons, is the surviving husband of Isabel Alley Emmons, and the administrator of the estate of Isabel Alley Emmons, deceased.

On April 17, 1931, Henry Lord, a resident of the City and State of New York, executed a last will and testament leaving to eleven named beneficiaries certain specific legacies, and the remainder of his estate, by clause twelfth of the will, was divided among those eleven named legatees in proportion to the amount of their several legacies as set forth in the first eleven clauses of the will.

The sole heirs and next of kin of Henry Lord, at the time of the execution of his will and at the date of his death, were Sarah Lord Murphy and Isabel Alley Emmons, a niece and grandniece, who were not mentioned in the will.

The will was offered for probate in the Surrogate's Court of the County of New York, State of New York, and thereupon Sarah Lord Murphy and Isabel Alley Emmons duly appeared and filed an answer to the petition for probate and objected to the probate of the alleged will upon the ground that at the time of its execution "Henry Lord was not of sound mind or memory or mentally capable of making a will," and "that the said paper writing was not freely or voluntarily made or executed by the said Henry Lord, as his last Will and Testament," but that the paper purporting to be his will was procured by fraud and undue influence practiced upon the decedent by certain named persons and organizations.

On April 10, 1933, a compromise agreement was entered into between the named legatees in the last will and testament of Henry Lord, and Sarah Lord Murphy and Isabel Alley Emmons, the con-

testants thereof. By the compromise agreement it was provided that, in consideration of the withdrawal by the contestants of their objections filed to the probate of the will, the named legatees granted, released, conveyed, sold, assigned, and transferred to the contestants in equal shares all of the right, title, and interest of the legatees in and to the residuary estate of Henry Lord.

On June 21, 1933, James A. Delehanty, one of the Surrogates of New York County, ordered, adjudged, and decreed that the agreement of compromise conformed to the requirements of section 19 of the Decedent Estate Law of the State of New York and the same was approved and declared to be valid and binding upon all of the parties thereto.

On June 27, 1933, the last will and testament of Henry Lord was admitted to probate, subject, however, to the terms of the compromise agreement of April 10, 1933.

Isabel Alley Emmons received the following amounts pursuant to the terms of the compromise agreement of April 10, 1933:

| | |
|---|---:|
| September 12, 1933 | $2,000.00 |
| February 28, 1934 | 3,000.00 |
| May 23, 1934 | 7,500.00 |
| June 15, 1934 | 1,294.84 |
| June 15, 1934 | 2,516.20 |
| | 16,311.04 |

For the year 1933 the respondent has allowed a deduction of $498 from the $2,000 received, and for the year 1934 a deduction of $2,984.74 has been allowed from the sum of $14,311.04 received in that year.

The sum of $16,311.04 which was distributed to Isabel Alley Emmons pursuant to the terms of the compromise agreement of April 10, 1933, comprised an amount equal to one-half of the residuary estate of Henry Lord, deceased.

By further provision of the compromise agreement of April 10, 1933, it was provided that Sarah Lord Murphy and Isabel Alley Emmons, contestants, were entitled to receive in equal shares the residuary estate of Henry Lord, deceased, as established by said will, to the same extent and with the same force and effect as if paragraph twelfth of said will had given, devised, and bequeathed the residuary estate of the decedent to the contestants instead of to the legatees entitled to legacies under the first eleven paragraphs of the will. Pursuant to the terms of the will and the compromise agreement, the executors proceeded with the administration of the estate and paid to Isabel Alley Emmons and Sarah Lord Murphy an amount equal to the residuary estate in the proportion set forth in the compromise agreement.

The parties also stipulated that, since the issue of law presented by the above facts was substantially the same as that in *Lyeth* v. *Hoey*, 96 Fed. (2d) 141, which case was then pending in the Supreme Court: "that a decision by the Supreme Court of the United States in that case, if considered and decided on its merits, will be binding in the instant case * * *."

On December 5, 1938, the Supreme Court rendered its decision in *Lyeth* v. *Hoey*, 305 U. S. 188, holding that property received by taxpayer in compromise of his claim as an heir is not taxable income.

In accordance with the stipulation of the parties and in reliance on the cited decision, we hold that petitioner is not taxable on the sums received in compromise of the will contest.

*Decision will be entered for the petitioner.*